## THE STATE V. MARTIN BARNS.

The term " public house," as used in the statutes against gaming is generic in its character, and is intended by the law to include all houses made public by the occupation carried on in them.

An indictment under the law against playing cards is not sufficient, if it merely alleges the playing at the game to have been " in a certain public house;" it must contain averments of facts that constitute the offence intended to be charged, and which will show the house referred to to be a "public house."

APPEAL from Fannin.     Tried below before Hon. W. S. Todd.
The charge contained in the indictment is, that the defendant " in a certain public house did play at a game with cards upon which money was bet."

*Asa H. Willie*, for the State.—The indictment is good and should have been sustained by the court.  To show that it charges an offence known to the law, the court is referred to Art. 409. Penal Code.  The offence, too, is charged with all the strictness required by law.  Alleging the ownership or character of the house is mere surplusage.  (See Prior v. the State, 4 Tex. 383; Wilson v. State, 5 Tex. 31.)  In the latter case the indictment charged the playing to have taken place near McFadden's grocery, in a public place, at Black Jack Springs in Fayette county.  The court held the use of the term "public place," a sufficient description of the *locus in quo*, under Art. 1474, Hart. Dig., which is similar in this respect to the article of the Code under which this indictment is found.  They held, in effect, as in Prior's case, that striking out all the volume of the words of description, except public place, the indictment would still be good.  This indictment has rejected all such surplusage, and made use of the all sufficient one " public house."

ROBERTS, J.—This indictment charged that the defendant did play at a game with cards " in a certain public house."  The court sustained a motion to quash it on account of the generality

and vagueness in stating the place at which the playing took place. The term public house is generic in its character, and is intended by the law to include all houses made public by the occupation carried on in them, as inns, taverns, storehouses for retailing liquors, or those made public by the resort of numerous persons, or in any other way. These words are not appropriate to indicate the facts which constitute the particular offence intended to be charged. (The State v. West, 10 Tex. R., 555; Ib., 309; Arch. C. Pl., 46–7. Wharton's A. C. L. 366 and 86, note 1.)

Judgment affirmed.