## John Millican v. The State.

An indictment for playing at a game with cards, " at a certain house, the same being a public place," is bad; it does not specifically charge an offence, by the use of words appropriate to indicate the facts which constitute the particular offence intended to be charged.

Appeal from Bowie. Tried below before Hon. W. S. Todd.

Indictment for playing at a game with cards. The indictment charged that the defendant "on the fourteenth day of February, in the year eighteen hundred and fifty-five, in the county aforesaid, in a certain house, the same being a public place, did play at a game with cards, upon which said game money was bet." Filed September 12, 1856. The exception to the indictment was

overruled; trial, verdict of guilty, fine of ten dollars, and judgment accordingly. The defendant appealed, and assigned as error that the court overruled his exceptions to the indictment.

*Pirkey & Estes*, for the appellant.—Appellant's motion to quash the indictment ought to have been sustained. "A certain house" is not such a description of any place, as to enable the court to say whether it was public or not. It is contended, that one of the places named in Hart. Dig., Art. 563, as places where gaming is prohibited must be specified in the indictment; or that if it is attempted to locate the offence at a place included within the words "any other public house," or "in any other public place," must be so particularly described as to enable the court to say whether it falls within the description or not. That "public place" and "public house" are generic terms, and the species which compose the genus must be described.

"A certain house," and stated inferentially as "being a public place," could give the accused no notice of the particular house where the alleged offence was committed. We think we are sustained in this position by the court in the case of Burch v. The Republic, (1 Tex. R., 608,) and in Shihagan v. The State, (9 Tex. R., 430.) In the latter case the court says: "Whether any specified house is public, within the meaning and intention of the statute, is a question of law." Can the court say that "a certain house" is public within the meaning of the statute, without some further description?

*A. H. Willie*, for the State, representing *Attorney-General*. The indictment in this case is sufficiently certain. By reference to the case of Prior v. The State, (4 Tex., 383,) the court will perceive that the indictment in that case alleged the playing to have taken place in a house for the retail of spirituous liquors, describing the house, and closing by calling it a public place. The State failed to prove the ownership of the house; but the court said that it was not necessary to allege this fact in the indictment, and of course not to prove it. They go further and say that "the most material fact, and indeed all it was necessary to have been

averred, was the playing at a public place, or a house for retailing spirituous liquors," which was equivalent to saying that all that portion of the indictment which attempted to describe the place of playing might be struck out as surplusage, with the exception of the words "public place," and the indictment be good. That this was the opinion of the court may be seen from other decisions thereafter made, in which that case is cited as authority. In The State v. Lopez (18 Tex., 33,) the indictment charged the playing to have taken place near McFadden's grocery, at a public place.   The court held this description sufficient of the *locus in quo;* referring to Prior v. The State, not because the words "near McFadden's grocery," but because the words "at a public place" were in themselves enough.   "Near a grocery" is not a description of a public place in the statute; neither is it a place commonly recognized as being public.   Near a place may mean a few feet or several miles from it, and a defendant would be but little apprized by such language of the place wherein he is charged to have committed the offence.   It is upon this view of the case above, that the case of Prior can be made authority for that of Lopez.   The indictment in the latter case possessed only one saving merit, viz, it described the place of playing in the very words of the statute as a public place; all the balance of the description was of no use, and was disregarded by the court in making its decision.   They say, in effect, that to follow the exact words of the statute in a gambling indictment is sufficient; and that it is not required to state the particular species of any generic term which may occur in it.

There is no inconsistency in calling the place of playing a public house and a public place also.   Both are general terms, the latter being more general than the former, and including it.   All the public houses enumerated in the statute, to wit: every tavern, inn, storehouse, and house for retailing spirituous liquors is a public place, as well as any street and highway therein also named; and the same may be said of every other public house where it is penal to play cards.   In the case of Prior v. The State above cited, a public house was described and charged to be a public

Williams v. Durst.

place, yet the allegations were not considered repugnant or inconsistent by the Supreme Court.

ROBERTS, J.—The indictment charges the defendant with playing at a game with cards at a certain house, the same being a public place. The defendant excepted to it upon the ground that "there is no offence specifically charged." We think the exception well taken. Because, considering the ease with which a house that is public may be designated, the words here used are not appropriate to indicate the facts which constitute the particular offence intended to be charged. (The State v. Barns, decided this term.)

The judgment is reversed and the indictment set aside, and prosecution dismissed.

Reversed and cause dismissed.