THE STATE v. JESSE JURGINS.

Article 409 of the Penal Code reads as follows: "If any person shall play at any game with cards at any house for retailing spirituous liquors, storehouse, tavern, inn, or any other public house, or in any street, highway, or other public place, or in any outhouse where people resort, he shall be fined not less than $10 nor more than $25." (Paschal's Dig., Art. 2044, Note 610.) The charge that the playing was at "a public house," is too indefinite.

APPEAL from Walker.    The case was tried before Hon. NATHANIEL H. DAVIS, one of the district judges.

The appellee was charged with playing at a game with cards in a public house in the town of Huntsville.  A demurrer to the indictment was sustained, because of the vagueness and generality in describing the house where it was alleged the playing took place.

*E. B. Turner, Attorney General,* for the state, cited the State v. Alvey, 26 Tex., 135.

*A. J. McKinney,* for appellee.—The statute under which the indictment was framed, (Paschal's Dig., Art. 2044,) having made the phrase "public house" a generic term, it was not enough for the pleader to have employed that term only, but he should also have stated the species according to the truth of the case.   (25 Tex., 654; 10 Tex., 610; Arch. Crim. Plead., 48; Bish. Crim. Law, 315.)

LINDSAY, J.—Upon the authority of the case of the State of Texas v. Martin Barns, 25 Tex., 654, this case must be affirmed.  The charge in the indictment is, that the defendant played cards at a "public house."   The charge is too vague and indefinite, and does not sufficiently put the defendant upon notice to enable him to prepare for his defense.  This is a principle of administrative justice which should not be departed from.   A warning should always be given before the blow is stricken.   It may be readily imagined that a gentleman may have played cards at a number of private places which come not within the denunciation of the statute; and yet, when simply indicted for playing cards at a "public place," he could not know from the charge which particular place he had to defend himself against, by showing that it was not a "public place."  He might fortify himself against one by his proofs, and still the state might array its testimony to show the offense was committed at another.

JUDGMENT AFFIRMED.