## UNITED STATES v. COGGIN.

*(Circuit Court, E. D. Wisconsin.  ———, 1880.)*

1. PRESENTING FALSE CLAIM AGAINST GOVERNMENT—PENSION—REV. ST.
   § 5438.—Section 5438 of the Revised Statutes provides that "every
   person who makes, or causes to be made, or presents, or causes to be
   presented, for payment or approval, to or by any person or officer in
   the civil, military, or naval service of the United States, any claim
   upon or against the government of the United States, or any depart-
   ment or officer thereof, knowing such claim to be false, fictitious, or
   fraudulent," shall be guilty of the offence charged, and shall be sub-
   ject to punishment therefor. *Held*, that such section includes a false
   claim presented by a person as a pensioner, demanding money as a
   pensioner.

2. SAME—SAME—SAME.—*Held*, further, that where the pension certificate
   was genuine, but had been fraudulently obtained, each presentation
   of the certificate constituted a distinct offence within the meaning of
   the statute.

Demurrer to Indictment.

*G. W. Hazleton*, District Attorney, for the United States.

*Jenkins, Elliott & Winkler*, for the defendant.

DRUMMOND, C. J.   A demurrer has been interposed to the
indictment in this case, and it is insisted by the counsel of
the defendant, in a very able and ingenious argument, that
the indictment is insufficient.   I think the indictment is suffi-
cient.   The offence charged in the indictment may be stated
in general terms to be this: The defendant was a private in
company K, in the sixteenth regiment of the Wisconsin
volunteers, during the war of the rebellion.   Several years
ago, long enough before this indictment was found to enable
the defendant to plead the statute of limitations to the offence
then committed, he, by affidavit and otherwise, in a false and
fraudulent manner *caused his name to be entered on the
pension roll* at Washington for a pension, on the ground that
he had been wounded in the heel by a shell at the battle of
Corinth, on the fourth of October, 1862.   His name was accord-
ingly entered on the pension roll, and the usual certificate
was given to him that he was a pensioner entitled to a pen-
sion from the United States; and the pension then became

payable at the pension office in Milwaukee. He presented this certificate to the pension agent at Milwaukee, at a time within that limited by the statute of limitations, prior to the finding of the bill of indictment, and obtained money from the United States. It is alleged in the indictment that the grounds upon which the application was sustained before the commissioner of pensions, and his name entered upon the list of pensioners, and the certificate issued, were all false, fictitious, and fraudulent; that, in point of fact, he was not injured at all at the battle of Corinth in any way, and so consequently was not entitled to a pension from the United States; and the claim made on the pension agency in Milwaukee for a pension, and for money which he received, was a false claim, and therefore he has committed the offence described in the 5438th section of the Revised Statutes. And the questions are whether the offence is sufficiently described in the indictment; and whether the offence described in this section is within the offence, or is the same as the offence described in the indictment. This section was taken from the act of the second of March, 1863, found in the twelfth volume of the Statutes at Large, 696. That describes the offence as follows: "That any person in the land or naval forces of the United States, or in the militia in actual service of the United States, in time of war, who shall make, or cause to be made, or present, or cause to be presented, for payment or approval, to or by any person or officer in the civil or military service of the United States, any claim upon or against the government of the United States, or any department or officer thereof, knowing such claim to be false, fictitious, or fraudulent," should be deemed guilty of a criminal offence, and subject to punishment. This was confined, of course, to persons in the land or naval forces of the United States, or in the militia in actual service. That is in the first clause of the first section of the act of 1863. Then the third section speaks of persons who are not in the military or naval forces of the United States, nor in the militia, nor actually employed in the service of the United States, who shall do or commit any of the acts prohibited by any of the foregoing provisions of

this act, and declares he shall forfeit and pay to the United States the sum of $2,000, etc. So that the language of the act of 1863, taking the whole statute together, was general, and operated in every case where the offence described was committed, namely: where there was a false or fraudulent claim presented, and the person who presented it knew that it was false or fraudulent.

But whatever view we may take of the original statute, and even if it be admitted that the offence described in the act of 1863 was limited to certain classes, that language, found in the original statute, is omitted in the Revised Statutes, and the language becomes general: "Every person who makes, or causes to be made, or presents, or causes to be presented, for payment or approval, to or by any person or officer in the civil, military, or naval service of the United States, any claim upon or against the government of the United States, or any department or officer thereof, knowing such claim to be false, fictitious, or fraudulent," shall be guilty of the offence charged, and shall be subject to punishment therefor.

This language is general. It is, in fact, of universal application to the class of offences here described. It is not limited to any department, whether pension agencies or otherwise. Neither is it limited to the case of an offence committed by a person in the military or naval service of the United States; but the offence described is this: Any person soever who makes, or causes to be made, or presents to any officer or person in the civil, military, or naval service of the United States any claim which he knows to be false or fraudulent, for the payment of money, commits the offence. So that there can be no doubt that this applies as well to the case of a claim of a pensioner, as to any other claim whatever. The language is general in its scope and meaning; and to say that under the legislation of congress in its original form, and as incorporated in the Revised Statutes, that it does not include a false claim presented by a person as a pensioner, demanding money as a pensioner, is restricting the language used beyond its fair meaning.

Then the only other question is whether what was done

in this case was within the time limited by the statute—that is, within the two years before the indictment was found—and constituted a presentment of a false claim to or against the United States for the payment of money, within the meaning of the statute. In this case it was not the entry upon the pension roll, nor the certificate issued, that was false or fraudulent. That was all genuine and authentic. The certificate issued was a genuine, true certificate, declaring that the defendant was entitled to a pension, but the claim was fraudulent. That certificate had been obtained, according to the indictment, by fraud, and when it was presented, as the indictment alleges it was, to the pension agent at Milwaukee, it constituted a false and fraudulent claim against the United States, and upon that false and fraudulent claim he obtained money, although the certificate was genuine. And that this was the meaning of the statute there can be no doubt, because, immediately following the clause of the statute already referred to, is the case of a person who presents a fraudulent or false certificate, or who, for the purpose of obtaining, or aiding to obtain, the payment or approval of such claim, makes, uses, or causes to be made or used, any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry. So that the two classes of offence are distinct and separate: one speaking of a false claim in itself, knowing the claim to be false; and another, a false certificate, knowing it to be false. So I hold that, although the fraud in obtaining the entry of the name of the defendant upon the pension roll, and the issuance of the certificate, were within the statute of limitations, and so, if the offence were confined to that, it could be successfully made, yet, every time the defendant made a claim upon that genuine certificate, his name being entered upon the pension roll, he committed one of the offences described in the statute, namely: he presented a claim to the government for payment which was false and fraudulent, and which he knew, according to the language of the indictment, to be false and fraudulent. Therefore, it was a presentation of a false and

fraudulent claim, within the meaning of the statute, and, if he knew it to be false and fraudulent, that completed the offence.

The demurrer will, therefore, be overruled.