## WILLIAM SCRIBNER vs. THE STATE.

### COURT OF APPEALS AUSTIN TERM, 1882.

*Indictment—Gaming—Public Place.*—If the playing at a game of cards was done at a place or house other than those specially mentioned in the statute, the indictment must state facts sufficient to show that the house or place was public.

Under the "Act to prescribe the requisites of indictments in certain cases" it is provided that "when to constitute the offence, an act must be done in a public place, it is sufficiant to allege that the act was done in a public place," but this statute went into effect after the indictment in this case was returnad.

Appeal from Tarrant county.

Opinion by White, P. J..

The indictment in this cause was returned into court on the 3d of June, 1881. It charges "that one Wm. Scribner, in the county of Tarrant and State aforesaid, on the 10th day of March, in the year of our Lord, one thousand eight hundred and eighty-one, with force and arms did unlawfully play at a game of cards, in a public place, contrary to the form of the statute in such cases made and provided, etc."

A motion in arrest of judgment was made by defendant, attacking the validity of the indictment, because "none of the public places specially enumerated as public in the statute against unlawful card playing, is named in said indictment ; and further, in this, that the facts and circumstances relied on making the place public, where defendant is alleged to have played cards, are not alleged and set forth in said indictment, etc."

The motion was well taken, and should have been sustained. If the playing was done at a place or house other than those specially mentioned in the statute, the indictment must state facts sufficient to show that the house or place was public. State vs. Fuller, 31 Texas, 559. Elsberry vs. State, 41 Texas, 158. Millican vs. State, 25 Texas, 664, State vs. Barnes, 25 Texas, 654.

It is true that now under an act, entitled "An act to prescribe the requisits of indictments in certain cases," [act 17th Legislature, p. 60,] it is provided that "when to constitute the offence, an act must be done in a public place, it is sufficient to allege that the act was done in a 'public place'," section 3. But this statute went into effect after the indictment in this case was returned. Because the court erred in overruling the motion in arrest of judgment, the judgment is reversed, and because the indictment is fatally defective, the prosecution is dismissed.