### W. SCRIBNER *v.* THE STATE.

PLAYING CARDS IN A PUBLIC PLACE.— Prior to the act of March 26, 1881, " to prescribe the requisites of indictments in certain cases," an indictment for playing cards in a public place was fatally defective unless it either charged that the playing was done at a place or house designated by the statute as public, or alleged facts sufficient to show that the place or house was public.

APPEAL from the County Court of Tarrant. Tried below before S. P. GREENE, Esq., Special Judge. ·

A fine of ten dollars was the punishment adjudged against the appellant in the court below.

*Bowlin & Bowlin,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J. The indictment in this cause was returned into court on the 3d of June, 1881. It charges " that one Wm. Scribner, in the county of Tarrant and State aforesaid, on the 10th day of March, in the year of our Lord one thousand eight hundred and eighty-one, with force and arms did unlawfully play at a game of cards in a public place, contrary to the form of the statute in such cases made and provided," etc.

A motion in arrest of judgment was made by defendant, attacking the validity of the indictment because " none of the public places specially enumerated as pub-

lic in the statute against unlawful card-playing is named in said indictment; and further in this, that the facts and circumstances relied on making the place public where defendant is alleged to have played cards are not alleged and set forth in said indictment."

The motion was well taken and should have been sustained. If the playing was done at a place or house other than those specially mentioned in the statute, the indictment must state facts sufficient to show that the house or place was public. *State* v. *Fuller*, 31 Texas, 559; *Elsberry* v. *State*, 41 Texas, 158; *Millican* v. *State*, 25 Texas, 664; *State* v. *Barnes*, 25 Texas, 654.

It is true that now, under an act entitled "an act to prescribe the requisites of indictments in certain cases" (Acts 17th Legislature, p. 60), it is provided that "when to constitute the offense an act must be done in a public place, it is sufficient to allege that the act was done in a 'public place.'" Sec. 3. But this statute went into effect after the indictment in this case was returned.

Because the court erred in overruling the motion in arrest of judgment, the judgment is reversed; and because the indictment is fatally defective, the prosecution is dismissed.

*Reversed and dismissed.*