### THE STATE OF KANSAS v. JOHN RADFORD.
#### No. 10437.

MANSLAUGHTER—*Information—Criminal Negligence.* The averments of an information charging the defendant with culpable negligence in wilfully and forcibly seizing a boy, against his will and protest, and carrying him out into a river where the water was deep, and dangerous to human life, whereby he was drowned, examined, and *held* to be sufficient to sustain a conviction of manslaughter in the fourth degree.

*Appeal from Saline District Court.*

JOHN RADFORD was prosecuted upon a charge of manslaughter in the fourth degree. In the informa-

tion it was alleged that, on July 20, 1895, in the county of Saline and state of Kansas,

"John Radford did then and there, unlawfully, feloniously, wilfully, and with culpable negligence and culpable carelessness, and without excuse and justification, forcibly seize and carry one Harvey Hudson, a boy about the age of 11 years, into the water of the Smoky Hill river, where the water was of great depth and dangerous to human life, against the will and protests of said Harvey Hudson, and said Harvey Hudson being so as aforesaid in said waters then and there was drowned, and died, whereby he, the said John Radford, did unlawfully, feloniously, wilfully, and with culpable negligence and culpable carelessness, and without excuse and justification, then and there, him, the said Harvey Hudson, drown and kill, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas."

The sufficiency of the information was challenged by a motion to quash, which was overruled. A trial resulted in a conviction of the offense charged, after which motions for a new trial and in arrest of judgment were made and overruled. The punishment adjudged was confinement at hard labor in the penitentiary for a term of one year. The defendant appeals. The opinion herein was filed March 7, 1896.

*Mohler & Hiller*, for appellant.

*F. B. Dawes*, attorney general, and *C. W. Banks*, county attorney, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: The sufficiency of the information is attacked upon the ground that it does not set forth the means by which the death of Harvey Hudson was caused, nor directly connect the defendant with his

death.   The charge was made under section 27 of the crimes and punishments act, and a specific intent to kill is not a necessary element of the offense.   He is charged with culpable negligence in wilfully and forcibly seizing the boy, against his will and protest, and carrying him out into the river, where the water was deep and dangerous to human life, whereby he was drowned.   It is said that the closing part of the charge is formal, and should not be considered in aid of the averment of fact.   We think it constitutes a part of the charge, and should all be taken together. But even if we overlook the final part of the charge, the averments would be ample to sustain the conviction.   The act with which the defendant was charged was unlawful and without justification ; and the language employed shows plainly enough that the culpably careless act, which was wilfully done, directly contributed to the death of the boy.   Indeed, it is a question whether the charge is not sufficient to have sustained a conviction for a much graver offense.

Some objections are made to the instructions of the court, but the appellant appears to attach little importance to them, and there seems to be no good cause for complaint.

Judgment affirmed.

All the Justices concurring.