STATE v. SWAN.

No. 1728.   Decided December 5, 1906 (88 Pac. 12).

1. INFORMATION — SUFFICIENCY — STATUTORY REQUIREMENT.—Under Revised Statutes 1898, section 4732, providing that an information must be certain as regards the party and the offense charged, and the circumstances of the offense when they are necessary to constitute a complete offense, the particular circumstances of an offense charged in an information need be set forth only when they are necessary to complete the offense.

2. FALSE PRETENSES — INFORMATION — SUFFICIENCY.—An information which alleges that accused, with intent to defraud the state, presented for allowance to the county clerk of the county authorized to allow the same, if genuine, a fraudulent claim purporting to be a genuine claim for bounty, amounting to a specified sum on enumerated wild animals, accused knowing that the claim was fraudulent, states the offense created by Revised Statutes 1898, section 4083, punishing every person, who with intent to defraud, presents for allowance to any public officer authorized to allow the same, if genuine, any fraudulent claim, with sufficient certainty within section 4732, providing that an information must be certain in regard to the party and the offense charged, and the particular circumstances of the offense, when they are necessary to constitute a complete offense, as against the objections that it fails to state to whom the claim was payable, or to state in what particular the claim was fraudulent, or to set out in substance or by copy the alleged claim.

3. INFORMATION — STATUTORY OFFENSE — LANGUAGE OF STATUTE — SUFFICIENCY.—To charge a statutory offense in the language of the statute, or in terms equivalent thereto, is generally sufficient.[1]

---

[1] State v. Williamson, 22 Utah 248, 62 Pac. 1022, 83 Am. St. Rep. 780.

4. SAME.—Where the act denounced by a statute creating an offense is in generic terms, the information must go further in stating the offense than by merely using the language of the statute.

5. SAME.—Where an information charging a statutory offense fairly apprises the accused of the charge preferred against him, so that he can meet it, it is sufficient, and a mere technicality should be ignored, except when it affects a substantial right.

6. FALSE PRETENSES — STATUTES.—Laws 1903, page 45, chapter 48, amending Laws 1901, page 178, chapter 137, making it a misdemeanor for any person to exhibit the scalps of wild animals with a view of obtaining the bounty provided for, is a separate and distinct act, and does not amend or supersede Revised Statutes 1898, section 4083, punishing every person who, with intent to defraud, presents for allowance to public officers authorized to allow the same, if genuine, any fraudulent claim; and one presenting for allowance to a public officer a false claim purporting to be a genuine claim for bounty on wild animals, may be prosecuted under section 4083.

APPEAL from District Court, Weber County; J. A. Howell, Judge.

William R. Swan was convicted of false pretenses, and he appeals.

AFFIRMED.

*Heywood & McCormick* and *W. L. Maginnis* for appellant.

*George Halverson,* District Attorney, for the State.

APPELLANT'S POINTS.

"Counts of an indictment, charging false pretenses in obtaining payment of a claim against a county, which fail to accurately describe the pretenses, the order or warrant issued to the defendant to whom it was payable, for what amount it was, drawn, are insufficient on motion to quash." (*Johnson v. State,* 75 Ind. 553; *People v. Ellenwood* [Cal.], 51 Pac. 553; 2 Bishop, Criminal Law, sec. 460, et seq.; Moore, Criminal Law, sec. 733; Wharton, Criminal Law, sec. 2070, et seq.)

"There is no merit in the points made by the defendant, that the claim as presented, contained several items, or that the claim contained items not alleged to be false or fraudulent. . . . The indictment was sufficient charging the offense, as it did, in the language of section 72 of the penal code" and the judgment was affirmed. (*People v. Carolan,* 71 Cal. 195.) It was said in the case of *United States v. Ambrose,* 2 Fed. 764: "It is sufficient to charge a presentation to the first auditor of the treasury without naming the person who held the office." (*United States v. Ingraham,* 49 Fed. 155.)

The fact that no skins or scalps were exhibited or that the affidavit was not sworn to can make no difference. (*State v. Adams,* 79 Pac. 398; *United States v. Ingraham,* 155 U. S. 434; *United States v. Coggin,* 3 Fed. 492; *State v. Voute* [Ohio], 67 N. E. 184.)

FRICK, J.

The appellant, William R. Swan, was tried and convicted of a felony, and by the judgment of the court sentenced to imprisonment in the state prison, from which judgment he appeals.

The appellant was informed against jointly with one Arthur H. Conlisk, but was separately tried. The charging part of the information is as follows: "On the 14th day of January, 1905 at the county of Weber and state of Utah, did then and there unlawfully, willfully, and feloniously, and with intent to defraud the state of Utah, present for allowance to the county clerk of Weber county, state of Utah, who was then and there authorized to allow the same if genuine, a certain false and fraudulent claim, voucher, and writing purporting to be a genuine claim, voucher, and writing for bounty amounting to the sum of $257.00, on one hundred and twenty-six certain wild animals, to wit, ninety-four coyotes, eleven wild cats, nineteen wolves, and two mountain lions, then and there well know-

ing said claim, voucher, and writing to be fraud-
ulent and false, contrary," etc. By this information
it was sought to charge the offense denounced in section 4083
of the Penal Code as found in the Revised Statutes of Utah
1898, which section reads as follows:

"Every person who, with intent to defraud, presents for allowance
or for payment to any state board or officer or to any county, city, town,
or district board or officer, authorized to allow or pay the same, if
genuine, any false or fraudulent claim, bill, account, voucher, or writ-
ing is guilty of felony."

Appellant attacked the information both by motion to
quash and by demurrer. The motion is made upon the fol-
lowing grounds: That the information fails to state to
whom the alleged claim was payable, or to whom it belonged;
that the information fails to state in what particular or par-
ticulars the alleged claim was or is false or fraudulent; that
the information fails to set out therein in substance or by
copy the claim alleged to have been presented for allowance.
The demurrer is a repetition of the foregoing grounds, but
adds thereto the following: That the information fails to
charge the defendant with the commission of a felony, and
that the same fails to charge him with the commission of a
crime. The court overruled both the motion and demurrer,
and this ruling is assigned as the first error.

It is argued that the information is insufficient, for the
reason that it does not set forth to whom the alleged claim
was payable, and that it does not describe the claim; that it
was necessary, it is claimed to either set out a copy of the
claim or the substance thereof. It is further claimed that
the allegation that the claim was false and fraudulent is in-
sufficient. Section 4732, Revised Statutes 1898, provides:

"The information or indictment must be direct and certain as it re-
gards: (1) The party charged; (2) the offense charged; (3) the par-
ticular circumstances of the offense, when they are necessary to consti-
tute a complete offense."

From the foregoing it is clear that the particular circum-
stances of the offense need be set forth only when they con-
stitute or are necessary to complete the offense. Tested by

these rules, is the information vulnerable to the objection
urged against it? The offense denounced by the section
above quoted consists of presenting, with intent to defraud,
for allowance or payment to any official authorized by law
to allow or pay the same, if genuine, any false or fraudulent
claim, bill, account, voucher, or writing. The person charg-
ed is thus certain in the information. The offense charged
is equally certain, for the reason that the information charges
that the defendant, with intent to defraud the state of Utah,
presented to the county clerk of Weber county, Utah, who was
authorized to allow the same, if genuine, a certain false and
fraudulent claim, voucher, and writing, purporting to be
genuine, for bounty amounting to $257, and then sets forth
the particular items for which the bounty was claimed, and
the same was presented with full knowledge upon the part
of the defendant that the claim was false and fraudulent.
The law, or statute, is, in contemplation of law, always a part
of any information to the same extent as if the same were re-
ferred to or set forth therein. This being so, no person of
ordinary intelligence could fail to understand what offense
was intended to be charged. The offense was, therefore,
charged with that degree of certainty required by the statute.
Neither can we conceive why it would add anything to set
forth a copy of the false claim or voucher, since the transac-
tion referred to in the information was identified in three
ways: (1) By giving the date thereof; (2) by giving the
amount of the claim presented; and (3) by stating what it
was for, giving the several items upon which the claim was
based. To have set forth a verbatim copy of the voucher or
writing presented for allowance could not have accomplished
more.

But it was urged that it was insufficient because several
claims of the same kind might have been presented on the
same day, some good, some bad, and therefore the person to
whom payable should have been stated. To have set forth a
copy, or to have stated the person to whom payable, would
not have cured the difficulty, if, indeed, there is such. To
have done so would have not disclosed whether the claim was

a genuine or a false one. This was the very thing to be established by the proof. The claim, when presented, would not necessarily disclose either its genuine or false character. The statute does not denounce the presentation of particular claims only, but denounces the presentation of all false claims, with intent to defraud alike. It was, therefore, not necessary to describe the claim so as to bring it within subdivision 3 of section 4732. Neither was it necessary to set forth the claim with more particularity for the purpose of identifying the transaction with the view of preventing double jeopardy. The information is not the only thing to be looked to in such a case. The same person may commit two murders on the same day by killing two persons by the same name, and by the same means. The information in such a case would not be, nor have to be, more specific in identifying the transaction than it would to charge a single murder only. The identification would take place at the trial, and would be determined from the evidence. The same result would be reached in case different claims of the same character and of the same kind were filed on the same day. These matters of identification would not be reached through the information, but from the evidence. In respect to the claim that it is insufficient to charge that the claim was false and fraudulent, without stating in what the fraud consisted, seems in view of the transaction and the offense denounced by the statute, wholly without merit. The offense consists of presenting for allowance and payment any false claim; that is one not genuine in fact. It is of no consequence whatever in what respect it was false, nor is the manner of its presentation material. The only question is: Is it in fact false, and was it presented with intent to defraud? That is the gist of the offense. Counsel do not state, nor would it be an easy matter to define, just what should be stated in this respect. It is not easy to conceive how more could be stated in this respect without requiring the whole evidence necessary to prove the offense charged to be stated. It is a matter not always free from difficulty to lay down hard and fast rules respecting what matter should or need not be stated in an in-

formation charging a purely statutory offense, and we shall not attempt to do so. Generally it is quite sufficient to charge such an offense in the language of the statute, or by doing so in terms equivalent to those used in the statute. Much depends upon the nature and character of the offense denounced. The following cases all support the doctrine that to charge a statutory offense in the language of the statute is sufficient: *State v. Williamson*, 22 Utah 248, 62 Pac. 1022, 83 Am. St. Rep. 780; *People v. Saviers*, 14 Cal. 29; *People v. Murray*, 67 Cal. 103, 7 Pac. 178; *People v. Carolan*, 71 Cal. 195, 12 Pac. 52; *State v. Cadwell* (Iowa), 44 N. W. 711; *State v. Adams* (Idaho), 75 Pac. 258, second appeal 79 Pac. 398; *United States v. Ingraham* (C. C.), 49 Fed. 155; *United States v. Coggin* (C. C.), 3 Fed. 492. The cases, cited by counsel for appellant are all readily distinguishable from the case at bar. In those cases the offense charged was obtaining money or property under false pretenses. In such cases the facts constituting the false pretenses must necessarily be stated. The acts constituting the offense in such cases are nearly as varied as are the number of cases in which the charge is made. Not so here. The offense consists alone in presenting the false claim purporting to be genuine, but not so in fact with intent to defraud. The falsity of the claim, regardless of what may be said or done, constitutes the offense in cases like the one at bar. Where the act denounced by the statute creating the offense is couched in generic terms, then, and then only, must the information go further in stating the offense than by merely using the language of the statute. This is well illustrated by the following authorities: 1 Bish. Crim. Prac., section 624; *State v. Barns*, 25 Tex. 654; *Millican v. State*, 25 Tex. 664. The case of *State v. McKenna*, 24 Utah 317, 67 Pac. 815, illustrates another class of statutory offenses, to cover which the pleader must state facts beyond the mere words used in the statute. The acts intended to be reached in the statute referred to in that case were acts calculated to cause injury by interfering with a certain kind of property. But as, under the wording of the statute, it could be

applied to dead or useless property, as well as that in use, it is necessary, in order to confine the crime within the spirit of the statute, that the pleader state the character and use of the property in the information. In all statutory offenses the pleader should carefully examine the statute and study its purposes and state the offense therein contemplated. If this is done, the accused is fairly apprised of the charge preferred against him, and can meet it. The law is thus fully complied with, and no one is entitled to more. Mere technicalities should be ignored, except when they affect a substantial right. The case at bar falls clearly within the rules stated by the cases first above cited. The court, therefore, did not err in overruling both the motion to quash and the demurrer.

It is claimed, however, that the conviction in this case cannot stand because the offense committed falls within the provision of chapter 137, p. 178, Laws of Utah 1901, as amended by chapter 48, p. 45, Laws of Utah 1903. This claim, we think, is untenable. Chapter 48, p. 45, Laws of Utah 1903, being amendatory of chapter 137 aforesaid, makes it a misdemeanor for any person to exhibit the scalps or skins of wild animals with the view of obtaining the bounty provided for, therein contrary to the provisions of that act. The act also provides that the applicant for the bounty shall make oath by affidavit as provided for in the act, and that by violating any of the provisions of that act the person so violating the same shall be guilty of a misdemeanor. It is argued that, inasmuch as the offense charged in the information in this case arose out of a claim for bounty, therefore the offense falls within the acts denounced by the law of 1903 and not within section 4083; that the acts in this case constitute a misdemeanor, and not a felony. This question was before the Supreme Court of Idaho in the case of State v. Adams (Idaho), 75 Pac. 258, and again in the same case (79 Pac. 398), where the law and the facts and circumstances were identical with the case at bar, but were decided adversely to the contention of appellant. Assuming, but not deciding, that the acts charged in this information fall equally within

chapter 48, p. 45, Laws of Utah 1903, and of section 4083, appellant's contention could still not be sustained. Section 4488 in substance provides that, where an act is made punishable in different ways by different provisions, such act may be punished under either, but not under both. As we view the matter, it was not intended to either amend or supersede section 4083 by adopting chapter 48, p. 45, Laws of Utah 1903. That is a separate and distinct act. The mere fact that certain acts in connection with claims for bounty are denounced as misdemeanors in that act does not affect the crime denounced by section 4083. We must not lose sight of the fact that the offense in chapter 48 consists of exhibiting the scalps and skins under certain conditions, and in making a false affidavit in respect to the time and place when and where the animals were killed of which the scalps and skins are exhibited, while section 4083 punishes the presentation of a false claim, with intent to defraud, for allowance or payment. The acts sought to be punished in this case are connected with chapter 48 aforesaid only because the false claim presented for allowance was based upon skins upon which a bounty was allowed by chapter 48. The claim, if false, would have been so whether made for bounty or for anything else. It is the presentation of the false or fictitious claim for allowance or payment, not the particular transaction out of which it arose that is covered by section 4083; while chapter 48 aforesaid aims to punish the exhibiting of scalps or skins of certain wild animals upon which a bounty is not allowable under that act. If appellant's contention were sound, then a person who presented for allowance or payment a false and fictitious claim for $5, claiming it for labor which he had not performed in fact, would be guilty of a felony and punished accordingly under section 4083, while the same person who in the same way had presented a false claim for bounty for $500 would be guilty of a misdemeanor only. This incongruity is not to be brought about by a careless or loose construction and application of our statutes upon this subject.

The defendant here, at the time the offense was committed, was employed as a clerk in the office of the county clerk of Weber county where the claim was presented for allowance. He knew, and so did his confederate, that no claim, under chapter 48, p. 45, Laws 1903, was presented nor intended to be presented. The whole claim was a fiction, and was manipulated by the defendant. No skins nor scalps of any wild animals were exhibited nor intended to be. The affidavit was a mere form, and, as the evidence discloses, no oath was in fact taken by anyone. In view of these facts, the prosecutor would perhaps have encountered difficulties in attempting to convict of the offense denounced by chapter 48 aforesaid. Moreover, the offense was a flagrant violation of a trust reposed in the defendant in view of his employment. The prosecutor is therefore to be commended for refusing to make a farce of a prosecution under the provisions of chapter 48, p. 45, Laws 1903, and especially so when section 4083 was intended to cover attempts of the kind in question.

From a careful perusal of the whole record it is apparent that the evidence and instructions were all directed to the offense denounced by section 4083. The instructions were full and fair, and the evidence warranted no other conclusion than the one reached by the jury. The defendant was ably defended and fairly tried. He has had the full benefit of the law, and no one is entitled to more than that.

While there are other errors assigned, none were argued except those considered, and all others are therefore waived and abandoned.

But apart from this, we perceive no prejudicial error in the record, and the judgment, therefore, ought to be, and accordingly is, affirmed, with costs.

McCARTY, C. J., and STRAUP, J., concur.