## STATE v. GESAS.

No. 2968.   Decided Dec. 29, 1916 (162 Pac. 366).

1. INDICTMENT AND INFORMATION—REQUISITES AND SUFFICIENCY.
Under Comp. Laws 1907, section 4732, providing that the information must be direct and certain as it regards (1) the party charged, (2) the offense charged, and (3) the particular circumstances of the offense, when they are necessary to constitute a complete offense, when a person is charged with having committed a particular crime which is not fully defined in the statute, it is necessary to charge the particular acts relied on as constituting the offense. (Page 184.)

2. HOMICIDE—INVOLUNTARY MANSLAUGHTER—REQUISITES AND SUFFICIENCY. An information charging accused with having operated a motor vehicle upon a public street at a greater speed than was safe, having due regard for the width, character, and common use of the street, and operating the vehicle so as to endanger life, limb and property, and without having it under immediate control, and driving it past and in close proximity to a street car while the same was standing still for the purpose of letting off passengers, and, while operating the vehicle in such unlawful manner and without due caution and circumspection, striking the deceased, is insufficient to charge involuntary manslaughter under Comp. Laws 1907, section 4163, defining the offense, since it charges no specific ultimate fact. (Page 185.)

3. HOMICIDE — INVOLUNTARY "MANSLAUGHTER" — REQUISITES AND SUFFICIENCY. Under Comp. Laws 1907, section 4732, subd. 3, requiring that the particular circumstances of the offense must be stated when they are necessary to constitute a complete offense, an information for involuntary manslaughter under section 4163, providing that manslaughter is the unlawful killing of a human being without malice, and is of two kinds, (1) voluntary, upon a sudden quarrel or heat of passion, and (2) involuntary, in the commission of an unlawful act not amounting to a felony, or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection, must definitely state the circumstances. (Page 185.)

Appeal from District Court, Third District; *Hon. C. W. Morse,* Judge.

Jesse Gesas was convicted of involuntary manslaughter and he appeals.

REVERSED and remanded with directions.

*M. M. Warner* and *Smith & McBroom* for appellant.

*A. R. Barnes, Att'y Gen.,* and *E. V. Higgins* and *G. A. Iverson, Asst. Attys. Gen.,* for the State.

FRICK, J.

The defendant was convicted of the crime of involuntary manslaughter and appeals. The information reads as follows:

"That said Jesse Gesas, at the county of Salt Lake, in the state of Utah, on the 13th day of November, A. D. 1915, being then and there engaged in the commission of a lawful act which might produce death, to wit, operating a motor vehicle, did then and there operate said motor vehicle upon a public street, to wit, upon Fifth East street at the intersection of Fifth East street and Seventh South street, Salt Lake City, Salt Lake County, Utah, at a speed greater than was then and there reasonable and safe, having due regard for the width, grade, character, traffic and common use of said public street, and did then and there operate said motor vehicle so as to endanger life, limb, and property, and did then and there operate said motor vehicle at the aforesaid intersection of said public streets without having the said motor vehicle under immediate control, and did then and there drive said motor vehicle past and in close proximity to a street car while the same was standing still upon the aforesaid Fifth East street at the aforesaid intersection of Fifth East street with Seventh South street for the purpose of letting off passengers from said street car, and then and there, while operating said motor vehicle in said unlawful manner and without due caution and circumspection, the said Jesse Gesas did thereby and thus strike one Edward Davies with the said motor vehicle, thus and thereby inflicting in and upon the body of the said Edward Davies one mortal wound, from which said mortal wound the said Edward Davies languished a short time, and then, on the said

13th day of November, 1915, at the county of Salt Lake, state of Utah, did die; and so the said Jesse Gesas, in the manner and form aforesaid, while in the commission of a lawful act which might produce death, in an unlawful manner and without due caution and circumspection, the said Edward Davies did unlawfully kill, contrary,'' etc.

The defendant interposed a general demurrer to the information which was overruled, and he now insists that the district court erred in that regard.

The information is based upon Comp. Laws 1907, section 4163, which reads as follows:

''Manslaughter is the unlawful killing of a human being without malice. It is of two kinds: (1) Voluntary, upon a sudden quarrel or heat of passion; (2) involuntary, in the commission of an unlawful act not amounting to a felony, or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection.''

The charge of the court and the conviction are based upon subdivision 2 of said section.

Counsel contend that the language in the information that the defendant did ''operate'' an automobile ''at a speed greater than was then and there reasonable and safe, having due regard for the width, grade, character, traffic, and common use of said public street,'' and that the defendant willfully operated said motor vehicle ''so as to endanger life, limb, and property,'' is too indefinite and uncertain. In referring to the charge counsel in their brief say:

''The charge contained in the information is so uncertain, ambiguous, indefinite, and in fact so absolutely lacking in all expressiveness that it fails not only to state a crime, but even to describe any act whatever.''

The state, however, insists that, in view that the information is based upon section 4163, supra, the charge is sufficiently specific and certain. In support of that contention the Attorney General cites the following cases: *State* v. *Watson,* 216 Mo. 420, 115 S. W. 1011; *State* v. *Radford,* 56 Kan. 591, 44 Pac. 19, and *Schultz* v. *State,* 89 Neb. 34, 130 N. W. 972, 33 L. R. A. (N. S.) 403, Ann. Cas. 1912C, 495.

In the cases cited from Missouri and Nebraska the defendants were charged with the crime of manslaughter committed by negligently operating automobiles in the public streets and thereby causing the deaths of certain persons. While it is true that in those two cases the acts of the defendants constituting the offense charged are not as fully set forth as might be desired in the informations, yet the acts complained of, and which, it was alleged, caused the deaths in those two cases, are, to say the least, more specifically stated than in the information in this case. The Supreme Court of Missouri, in passing upon the sufficiency of the information there in question, makes it very clear that in holding that instrument sufficient it did not intend to, nor did it, depart from the fundamental principles respecting the certainty that is required in criminal pleading. In referring to that subject the court said:

"It is fundamental that an indictment or information predicated upon the provisions of a statute must charge the offense in the language of the statute, and the allegations in the indictment or information must be sufficient to fully inform the defendant of the nature and character of the offense he is called upon to answer upon his final trial."

Of course, it is not contended, nor could it successfully be, that in this jurisdiction, or in any jurisdiction for that matter, it would be sufficient to charge the crime of involuntary manslaughter by merely stating that the accused in the "commission of a lawful act" had caused the death of another "in an unlawful manner or without due caution and circumspection," which is the language of our statute. While it is proper enough to denounce crimes in general or generic terms in statutes, yet, when a person is charged with having committed a particular crime which is not fully defined in the statute, it is nevertheless necessary to charge the particular acts relied on as constituting the offense. Our statute (Comp. Laws 1907, section 4732) requires at least that much. That section reads:

"The information or indictment must be direct and certain as it regards: (1) The party charged (2) the offense charged;

(3) ˙the particular circumstances of the offense, when they
are necessary to constitute a complete offense.''

Now, what is the defendant in this case charged with having
done ?  He is charged with having operated a ''motor vehicle
upon a public street * * * at a greater speed than
was then and there reasonable and safe, having due       2
regard for the width, grade, character, traffic, and com-
mon use of said public street, and did then and there operate
said motor vehicle so as to endanger life, limb and property,''
and ''without having the said motor vehicle under immediate
control,'' and did drive ''said motor vehicle past and in close
proximity to a street car while the same was standing still
* * * for the purpose of letting off passengers from said
street car, and then and there, while operating said motor
vehicle in said unlawful manner and without due caution and
circumspection,'' did strike the deceased, etc.  Of course, the
state insists that the defendant is charged with having done
the things above enumerated.  A mere cursory reading of
the information, however, is sufficient to convince that not a
single specific act is charged.  Then the further question
arises: Does the charge ''fully inform the defendant of the
nature and character of the offense he is called upon to an-
swer upon his final trial,'' as the Supreme Court of Missouri
says the law requires?  Again, is the information in this case
direct and certain in charging ''the particular circumstances
of the offense''?

The defendant is charged with involuntary manslaughter
under. a statute which merely states the offense in the most
general terms.  Under that statute a person may be
guilty of a large variety of things which may ultimately       3
result in the crime of involuntary manslaughter.  The
information in this case, we think, comes within subdivision 3
of section 4732, supra, which requires that ''the particular
circumstances of the offense'' must be stated ''when they are
necessary to constitute a complete offense.''  As the infor-
mation now stands, the defendant is not charged with having
committed or omitted any particular thing which caused the
death of the deceased.  Nothing in that regard is alleged save
the conclusions of the pleader.  The pleader certainly must

have had in mind some act or some omission on the part of the defendant which caused, or directly contributed to, the death of the deceased. What is that act or omission? What is the defendant required to meet? What act or omission is he to explain or controvert? We confess that we are entirely unable to discover any particular act or omission that the defendant is called on to defend against. It is true it is charged that he failed to have the motor vehicle under "immediate control." Whether such lack of control was due to excessive speed, or to inefficiency, or to inattention, or inadvertence, or by reason of some other cause is not stated. We think the defendant is entitled to be informed regarding those things. Again, we think the acts constituting lack of "caution and circumspection" should be stated, at least in general terms. Then again the defendant is charged with having operated the motor vehicle "at a speed greater than was then and there reasonable and safe, having due regard for the width, grade, character, traffic, and common use of said public street." True, the speed may have been greater than, etc., but what rate of speed was it that was "greater than was then and there reasonable," etc.? Why not state what that rate was? The state would certainly expect to prove some rate of speed at which the vehicle was being driven, and which, under the circumstances, was "greater than was then and there reasonable," etc. Why, therefore, not allege it? When the rate of speed is alleged and proved, the jury may then say whether under all the circumstances disclosed by the evidence it was "greater than was then and there reasonable," etc., but until some rate of speed is alleged and proved, and until the circumstances or conditions surrounding the driver are shown, how can either a jury or anybody else arrive at an intelligent conclusion respecting that matter? While it is true that no hard and fast rule with respect to just what facts shall be alleged can be laid down which shall govern all cases, yet the requirements stated in section 4732, supra, respecting what must be charged can easily be met in most instances. Then again such questions can arise only when, as here, or as in the case of *State* v. *Topham,* 41 Utah 39, 123 Pac. 888, the statute speaks in very general or altogether in

generic terms.  Although, as is illustrated in the case of
State v. Swan, 31 Utah 336, 88 Pac. 12, the language of the
statute may be couched in general terms, it may nevertheless
sufficiently describe or define the acts constituting the offense,
and whenever that is the case a charge in the language of the
statute is always sufficient.   When, as here, however, the
statute does not attempt to define or describe the acts consti-
tuting the offense, and where the offense arises out of lawful
acts which it is charged were negligently 'and unlawfully
done or omitted, the acts relied on should be stated in the
information.   This is clearly illustrated by the Court of Ap-
peals of the District of Columbia in the case of Ainsworth v.
United States, 1 App. Cas. 518.   While it is true that the
case at bar is not in all respects like the case of State v. Top-
ham, supra, yet the principles controlling criminal pleading
there discussed are applicable here.

Counsel for the defendant also cite and rely upon the case
of Hayes v. State, 11 Ga. App. 371, 75 S. E. 523, where it was
held that an information charging the ˉcrime of manslaughter
in the precise terms that it is charged in the information in
the case at bar was insufficient.   In that case the information
was based upon a statute which was couched in the same lan-
guage as is the complaint in this case.   The court held that
the language of the statute was too indefinite and uncertain
to be enforceable.   We have a statute (section 8 of chapter
80, Laws Utah 1915) in which much of the language is the
same as that contained in the information in this case.   The
same language was used in the Georgia statute.   Counsel there-
fore contend that section 8 of said chapter 80 is invalid for
indefiniteness and uncertainty, and hence the information in
this case in which occurs the same language should be held
insufficient for the same reason.   In the Georgia case the
information was based upon the statute there in question.
Not so here.   As we have already pointed out, the information
in this case is based upon section 4163, supra, and not on
chapter 80 aforesaid.   The conviction here, therefore, does
not, like in the Georgia case, rest upon a statute which, for
the reasons stated, was there held invalid.   For the reasons
just stated, it is therefore not necessary for us now to pass

upon the validity or effect of section 8 of chapter 80, supra, and we express no opinion with regard thereto. What we do hold, however, is, that the charge in the information in this case is too indefinite and too uncertain under the doctrine announced in *State* v. *Topham,* supra, to withstand a general demurrer. The court therefore erred in overruling the demurrer.

Since *State* v. *Topham* was decided, however, the statute has been so amended that, in case an information is held insufficient by this court for any reason, such a ruling no longer is cause for discharging the accused, but the judgment may be reversed and the case remanded for a new trial, and the district court may require an amended information to be filed in case the defects therein may be cured by amendment. It is quite clear that the defects in the information in this case may be cured by amendment.

For the reasons stated, the judgment is reversed, and the case is remanded to the district court of Salt Lake county, with directions to grant a new trial.

STRAUP, C. J., and McCARTY, J., concur.