## STATE v. ZAHAROPOULOS.

No. 3799.   Decided June 10, 1922.   (208 Pac. 493.)

INDICTMENT AND INFORMATION—INFORMATION FOR PANDERING
HELD SUFFICIENT, AND NOT DUPLICITOUS.  An information in the
language of Comp. Laws 1917, § 8097, charging that defendant
did unlawfully permit named prostitutes to solicit men for the
purpose of prostitution in his hotel, on a date designated, and
thence continuing until a date designated, sufficiently charged
the crime of pandering, and the information was not bad as
charging more than one offense.[1]

Appeal from District Court, Seventh District, Carbon
County; *F. E. Woods,* Judge.

Gust Zaharopoulos was convicted of pandering, and he
appeals.

AFFIRMED.

*King & Schulder,* of Salt Lake City, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *W. Hal Farr,* Asst. Atty.
Gen., for the State.

CORFMAN, C. J.

On March 2, 1922, the defendant, Gust Zaharopoulos, was
convicted in the district court of Carbon county, Utah, of
having committed the crime of pandering. From the judg-
ment entered upon conviction, after applying for a new trial
and being denied, he appeals.

_____

[1] *People* v. *Sullivan,* 9 Utah, 198, 33 Pac. 701; *State* v. *Swan,* 31
Utah, 336, 88 Pac. 12; *State* v. *Topham,* 41 Utah, 39, 123 Pac. 888;
*State* v. *Gesas,* 49 Utah, 181, 162 Pac. 366.

Originally the information was in two counts, and against the defendant and another, one Mae Belle Jones, but subsequently dismissed as to the latter. A demurrer was interposed by the defendant Zaharopoulos as to both counts upon the ground of insufficiency of facts stated. The demurrer to the first count was sustained by the district court, and as to the second count, upon which the conviction was had, the demurrer was overruled. All of the errors assigned by defendant in prosecuting his appeal relate to the one question, the sufficiency of the facts charged in the second count of the information to constitute a public offense. That is the sole question to be determined by this court.

The charging part of the second count of the information reads:

"That the said Gust Zaharopoulos (and Mae Belle Jones) on the 25th day of February, A. D. 1921, and thence continuing until and including the 4th day of March, A. D. 1921, at Helper, county of Carbon, state of Utah, did commit the crime of pandering—knowingly permitting prostitutes to solicit patronage for prostitution in their place of business—as follows, to wit: That the said Gust Zaharopoulos (and Mae Belle Jones) then and there, and at the time and place aforesaid, did willfully, unlawfully, knowingly, and feloniously permit Rae Warren and Katie Lyons, two prostitutes, the said Gust Zaharopoulos (and Mae Belle Jones) then and there well knowing the said Rae Warren and Katie Lyons to be prostitutes, to solicit patronage, to wit, to solicit men for the purpose of prostitution, in their place of business at Helper, Carbon county, state of Utah, said place of business being commonly known and designated as the Alco Hotel, contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the state of Utah."

The information is substantially in the language of and predicated upon the provisions of Comp. Laws Utah 1917, § 8097, which, in part reads:

"* * * Any café, restaurant, or coffee-house proprietor, manager, waiter, or other employé having full or temporary charge of such place, or any proprietor, manager, or other person having charge of any roadhouse or assignation house, or any other person who knowingly permits prostitutes to solicit patronage for prostitution in their place of business, or any place over which such person has control, or aids or abets such prostitutes in so soliciting or

securing patronage for prostitution in any place or in any manner whatsoever, * * * shall be deemed guilty of a felony," etc.

The defendant contends that more than one offense is charged in the second count of the information upon which he was tried; that he is charged with having committed a specific offense on February 25, 1921, and a separate and distinct offense on each day thereafter to and including March 4, 1921, and therefore the information is insufficient under the rulings of this court in *People* v. *Sullivan,* 9 Utah, 198, 33 Pac. 701; *State* v. *Swan,* 31 Utah, 336, 88 Pac. 12; *State* v. *Topham,* 41 Utah, 39, 123 Pac. 888; and *State* v. *Gesas,* 49 Utah, 181, 162 Pac. 366—wherein it was held that, where several acts are relied upon as constituting an offense, merely using the language of the statute was not sufficient. The case at bar is not at all analogous, and is readily distinguishable from the decided cases relied upon by defendant. In those cases it was charged that the offenses had been committed in divers ways. As an illustration, take the *Topham* Case, wherein it was charged that the offense was committed "by promises and threats and by divers devices and schemes," without stating any specific act or thing done on the part of the accused, or the kind or nature of the promises, threats, devices, and schemes, or any facts or circumstances whatever whereby the accused might know the kind or character of the acts constituting the offense with which she was charged. In the present case the defendant is charged with nothing more than one act, that of "knowingly permitting prostitutes to solicit patronage in their [his] place of business," during a certain period, "on the 25th day of February, A. D. 1921, and thence continuing until and including the 4th day of March A. D. 1921." The exact period of time, place and names of the prostitutes who were permitted to solicit patronage for prostitution were specifically stated in the charge. What more was needed to advise the defendant of the nature of the charge against him? The manner in which the women prostitutes solicited patronage of men for the immoral purposes of prostitution was wholly immaterial. The gist of the offense was defendant's permitting them to solicit in his place of business the Alco Hotel.

These facts constituting the essential elements of the crime with which defendant was charged were specifically pleaded, together with the time, place, and names of the persons permitted to solicit. Every requirement of our statutes in a case of this kind was complied with. Comp. Laws Utah 1917, § 8830, subd. 2; *State* v. *Swan*, 31 Utah, 336, 88 Pac. 12; *In re Snow*, 120 U. S. 274, 7 Sup. Ct. 556, 30 L. Ed. 658; *State* v. *Prescott*, 33 N. H. 212; 2 Wharton, Criminal Law, § 1169.

For the reasons stated, we are of the opinion that the judgment of the district court should be affirmed.

It is so ordered.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.