[No. 11562. Department Two. — October 19, 1888.]

## AUGUSTUS HEESER, APPELLANT, *v.* E. MILLER ET AL., RESPONDENTS.

PLEADING — ULTIMATE FACT — OWNERSHIP. — The allegation that the plaintiff is "the owner" of the property is of an ultimate fact, unless the context shows that it was intended as a mere conclusion from the facts stated.

CONTRADICTORY AVERMENTS — SPECIAL DEMURRER. — The objection that the averments of a complaint are contradictory must be taken by special demurrer.

COMPLAINT TO QUIET TITLE — AVERMENT THAT DEFENDANT'S CLAIM IS INVALID. — When the complaint, in an action to quiet title, shows, by necessary implication, that the defendant's claim is invalid as against the plaintiff, it need not so aver in terms.

APPEAL from a judgment of the Superior Court of Mendocino County.

The facts are stated in the opinion.

*Henley & Swift, Schell, Bond & Eastin, C. C. Hamilton,* and *J. M. Mannon,* for Appellant.

The allegations of the complaint are sufficient. (*Hancock* v. *Plummer,* 66 Cal. 338; *Stoddard* v. *Burge,* 53 Cal. 394; *Rough* v. *Simmons,* 65 Cal. 227; Code Civ. Proc., secs. 426, 452, 738.)

*T. L. Carothers,* and *Carothers & Wheeler,* for Respondents.

HAYNE, C.—This is an appeal from a final judgment for defendants upon demurrer to the complaint. The complaint alleges, among other things, that the "plaintiff was at the commencement of the action, ever since has been, and now is, the owner and seised in fee" of the premises in controversy, and that, by reason of a certain patent from the state, and certain conveyances, "said defendants claim estate or interest in said land

adverse to this plaintiff." And the prayer is, that such adverse claims be decreed to be void.

The allegation that the plaintiff is the owner and seised in fee, etc., is of an ultimate fact, and is a sufficient statement of the right of the plaintiff in an action of ejectment, or to quiet title. (*Payne* v. *Treadwell*, 16 Cal. 242; *Garwood* v. *Hastings*, 38 Cal. 217; *Rough* v. *Simmons*, 65 Cal. 227; and compare *Ferrer* v. *Home Mut. Ins. Co.*, 47 Cal. 431.) The fact is not stated as a conclusion from other facts, as was the case in *Turner* v. *White*, 73 Cal. 300. The demurrer admits the truth of the allegation. And hence it is a conceded fact that, at the commencement of the action, the plaintiff was the owner and seised in fee of the premises in controversy. If this fact were necessarily inconsistent with the fact that defendants claim the fee (not merely an interest in the land) by virtue of a patent from the state, the objection could not be raised upon a general demurrer, but would have to be presented by a special demurrer for uncertainty. (*Blasingame* v. *Home Ins. Co.*, 75 Cal. 633.) But the allegations are not necessarily inconsistent with each other. It may be that the patent was issued without authority of law. (See *Doolan* v. *Carr*, 125 U. S. 625.) Taking the fact to be that the plaintiff was "the owner and seised" at the commencement of the action, it is impossible that another person could be the owner at such time. And it follows that the defendants' claim to be the owner of the fee (for the patent must purport to be of the fee), adversely to the plaintiff, must be without foundation. Hence it is of no importance that the complaint does not expressly allege that the defendants' claim is invalid and void. The complaint is good as a complaint to quiet title, and the general demurrer should have been overruled.

We therefore advise that the judgment be reversed, and the cause remanded, with directions to overrule the demurrer.

LXXVII. CAL.—13

Foote, C., and Belcher, C. C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment is reversed, and the cause remanded, with directions to overrule the demurrer.