### STATE v. STEELE.

No. 4374.   Decided March 24, 1926.   (245 P. 332.)

1. INDICTMENT AND INFORMATION—ACCESSORY MAY BE CHARGED WITH PERSONALLY HAVING COMMITTED ACTS CONSTITUTING RAPE, THOUGH HE ONLY AIDED ANOTHER TO COMMIT ACTS. Under statute making every accessory a principal, defendant may be charged with having personally committed acts of violence and carnal knowledge, though evidence shows that he only knowingly, wilfully, and unlawfully aided or abetted another to commit acts constituting offense of rape.

2. INDICTMENT AND INFORMATION—INFORMATION CHARGING DEFENDANT AS ACCESSORY, BUT FAILING TO CHARGE INTENT TO AID PRINCIPAL OFFENDER IN COMMITTING ACTS OF RAPE OR KNOWLEDGE THEREOF, IS FATALLY DEFECTIVE. Information charging defendant as an accessory without charging knowledge that principal offender intended to have carnal knowledge with prosecutrix, or that defendant intended to aid him in commission of rape, is fatally defective.

3. INDICTMENT AND INFORMATION—CHARGE OF UNLAWFUL, FELONIOUS, AND FORCIBLE TRANSPORTATION OF PROSECUTRIX DOES NOT CHARGE OFFENSE OF RAPE. Information against defendant as accessory, charging him with having unlawfully, wilfully, and feloniously taken prosecutrix in an automobile, and transported her forcibly and against her will, does not charge offense of rape, nor an essential part thereof.

1

State v. Steele, 67 Utah 1

4. INDICTMENT AND INFORMATION. To charge one as accessory to crime of rape, he must be alleged to have acted knowingly, wilfully, and with intent to aid principal offender in having carnal knowledge with prosecutrix.

5. INDICTMENT AND INFORMATION. To charge one with having done an act unlawfully, wilfully, and feloniously, which act does not constitute offense attempted to be charged, effectuates nothing.

6. INDICTMENT AND INFORMATION. Charge that one was an accessory because he in some way aided another in committing a felony is not sufficient.

7. INDICTMENT AND INFORMATION—CONCLUSION OF INFORMATION THAT DEFENDANT WAS "AN ACCESSORY TO CRIME AS AFORESAID" DOES NOT CURE DEFECT OF FAILING TO ATTRIBUTE ACTS TO DEFENDANT CONSTITUTING CRIME CHARGED. Where acts attributed to defendant did not constitute crime charged, statement at conclusion of information that defendant was "an accessory to crime as aforesaid" does not cure defect as words "as aforesaid" refer only to defendant's acts.

Appeal from District Court, Fourth District, Utah County; *George P. Parker*, Judge.

Vern Steele was convicted of statutory rape on a girl 14 years of age, and he appeals.

REVERSED AND REMANDED, WITH DIRECTIONS.

*Martin M. Larson*, of Provo, for appellant.

*Harvey H. Cluff*, Atty. Gen., and *L. A. Miner*, Asst. Atty. Gen., for the State.

FRICK, J.

The defendant was convicted of the crime of rape upon a young girl 14 years of age. He was duly sentenced to a term in the state prison, and appeals.

---

Corpus Juris-Cyc. References:
[1-7] Indictments and Informations, 31 C. J. p. 635 n. 45; p. 671 n. 37; p. 694, n. 30; p. 740, n. 89, 96, 1.

He assigns error in the proceeding as follows: (1) That the district court erred in denying his motion to quash the information upon the ground that he had not waived, nor had he been accorded, a preliminary hearing, as contemplated by our Constitution and statute; (2) that the district court erred on overruling defendant's general objection to the introduction of any evidence for the reason that the information does not state a public offense; and (3) that in no event nor upon any view that can be taken of the evidence that was produced at the trial is it sufficient to sustain the finding of the jury and the judgment of conviction. The last point was presented to the district court on motion for new trial, which was denied.

Referring to the first assignment, after carefully examining the record, we are clearly of the opinion that, although the offense was stated in different form and language in the information filed in the district court than it was in the original complaint filed before the magistrate, nevertheless, substantially the same transaction was described, and the same offense was stated in both pleadings.

We have no doubt that the defendant was given a preliminary hearing in substantial compliance with our statute and Constitution. We could subserve no good purpose in reviewing the many cases cited by defendant's counsel nor in making a detailed statement why defendant's contention in this regard should not prevail. In view of that we shall devote no further time or space to this assignment.

It is next very urgently insisted that the information fails to state all the essential elements constituting the alleged offense, and hence that the court committed prejudicial error in overruling defendant's objection to the introduction of any evidence in support of the information. In order to make the second question raised fully apparent to the reader, we are required to state the charging part of the information in full, which is as follows:

"The said Vern Steele, Alfred Davis, and Horatio Elliott, on or about the 25th day of June, A. D. 1925, at the county of Utah, in the state

of Utah, unlawfully, wilfully, and feloniously did take one Enid Robbins, an unmarried female person of the age of 14 years, and not the wife of Vern Steele, or Alfred Davis, or Horatio Elliott, or either of them, forcibly and against her will, and over her objections, in an automobile, at Santaquin, in Utah county, state of Utah, and the said Vern Steele, Alfred Davis, and Horatio Elliott did then and there, forcibly, and against the will, and over the objections of the said Enid Robbins, transport the said Enid Robbins by means of said automobile to a dark roadway leading from the state highway, near Spring Lake in Utah county, state of Utah, and the said Vern Steele and Alfred Davis did leave said Enid Robbins with said Horatio Elliott, in and upon said roadway, and they the said Vern Steele and Alfred Davis did then and there, in said automobile, drive along said roadway to a point about 200 yards from the place where the said Enid Robbins was left on said roadway with the said Horatio Elliott, as aforesaid, and did then and there stop and wait on said roadway until called by Horatio Elliott, and, while the said Vern Steele and Alfred Davis were so waiting on said roadway as aforesaid, the said Horatio Elliott did unlawfully, wilfully, violently, and feloniously, in and upon the said Enid Robbins, make an assault, and her the said Enid Robbins, then and there, did ravish and carnally know and accomplish with her the act of sexual intercourse by force and violence, and against her will and resistance, the said Vern Steele being accessory thereto, and aiding, abetting and assisting therein as aforesaid." etc.

It will be observed that the charge is not that the defendant personally or physically committed the acts of violence constituting the offense upon the prosecutrix, nor that he had carnal knowledge of her body, but he is charged, or attempted to be, rather, as an accessory. In view that under our statute every accessory is a principal, the defendant could have been charged as having himself committed the acts of violence and carnal knowledge, although the evidence in support of the charge might merely have been to the effect that he knowingly, wilfully, and unlawfully aided or abetted another in committing the acts constituting the offense of rape. A mere cursory reading of the information will, however, conclusively demonstrate that it does not charge the defendant with having committed the acts charged against him with knowledge that the Horatio Elliott mentioned in the information

as the principal offender and real actor in the drama intended to have carnal knowledge of the prosecutrix. Nor is it alleged that what defendant is charged with doing was done knowingly, with the intent and for the purpose of aiding or abetting said Horatio Elliott in committing the alleged acts of violence and carnal knowledge upon the person of the prosecutrix. Indeed, no attempt is made to charge that the defendant knowingly or wilfully did anything to aid, assist or abet Horatio Elliott in committing the offense with which the latter was charged in the information. Every act that is charged against the defendant might have been done without any knowledge, purpose, or intent on his part to have Elliott commit the offense, or to aid or abet him in committing the same. True, the defendant is charged with having "unlawfully, wilfully, and feloniously" taken the prosecutrix into an automobile and that he forcibly and against her will transported her in said automobile to a particular place, but that does not constitute the offense of rape. Nor is it an essential part of that offense. True, such acts might have been very material, but in view of the phraseology of the information in this case, they are not so. In order to charge the defendant as an accessory, it was necessary to charge him with having done the acts which it is alleged he did knowingly, wilfully, and with the intent and purpose to aid or abet Horatio Elliott in committing the acts of violence upon the prosecutrix and to have carnal knowledge of her person. As the information now stands, the defendant may have done every act charged against him without any knowledge whatever that by what he did he was in fact aiding or abetting another to commit the crime of rape. No doubt in doing what he is charged with he may have committed an offense. He no doubt could have been successfully charged with having committed an assault and battery upon the person of the prosecutrix. He might perhaps also have been charged with some other offense, but that in no way supplies the defects in the information. To charge one with having done an act "unlaw-

fully, wilfully, and feloniously," which act does not constitute the offense attempted to be charged, effectuates nothing. While, as a general rule, in order to constitute a felony, it is necessary to charge that the act denounced by the statute as felonious was unlawfully, wilfully, and feloniously done, still to so charge respecting any act not constituting a felony amounts to nothing. One cannot be legally charged with having done an innocent act unlawfully, wilfully, and feloniously. Moreover, merely to charge that one was an accessory because he in some way aided another in committing a felony is not enough. One may unwittingly aid another to commit a felony. A. may give B. the very information B. desires in order to be able to commit burglary or larceny, and yet A. may be entirely innocent. Finally, to state at the conclusion of the information that the defendant was "an accessory thereto (to the crime charged) * * * as aforesaid" does not help the matter. "As aforesaid" merely referred to the acts described in the information which were attributed to the defendant. Those acts, as we have seen, do not constitute the offense attempted to be charged. Nor, in view that neither guilty knowledge nor intent on the part of the defendant is charged against him, were his acts, for the purposes of this case, controlling.

From what has been said it necessarily follows that the information is fatally defective and hence the district court erred in overruling the objection to the introduction of any evidence in support of the charge contained in the information.

After reading the evidence, we are convinced that assignment No. 3 cannot be sustained. We have referred to this assignment merely for the reason that the judgment must be reversed upon other grounds, and that, in view of Comp. Laws Utah 1917, § 8781, the cause may be retried at some future time.

The judgment is therefore reversed and the cause is remanded to the district court of Utah county, with directions

to set aside the judgment, to permit the district attorney, if he elects to do so, to amend the information, and to proceed with the case in accordance with the provisions of section 8781, supra.

GIDEON, C. J., and THURMAN, CHERRY, and STRAUP, JJ., concur.