## STATE v. LUND.

No. 4950.  Decided March 20, 1930.  (286 P. 960.)

R. *Verne McCullough* and *N. E. Callister*, both of Salt Lake City, for appellant.

*George P. Parker*, Attorney General, and *L. A. Miner*, Assistant Attorney General, for the State.

ELIAS HANSEN, J.

The trial of this action in the court below resulted in the jury rendering a verdict finding "the defendant, Rex Lund, guilty of receiving money from the proceeds of the earnings of a woman engaged in prostitution as charged in the information." Defendant was sentenced to serve an indeterminate term in the state prison. He appeals.

The charging part of the information filed against the defendant reads as follows:

"That the said Rex Lund on the 10th day of March, A. D. 1929, at the County of Salt Lake, State of Utah, did wilfully, unlawfully, knowingly, and feloniously accept and receive from one, May Goodmansen, the sum of $4.00, said sum being the earnings of her, the said May Goodmansen, received by her while engaged in prostitution, and the said Rex Lund then and there, knowing that said sum was the earnings of the said May Goodmansen while so engaged as aforesaid. Contrary to the provisions of the statute of the state aforesaid in such case made and provided and against the peace and dignity of the State of Utah."

The defendant in the trial court assailed the sufficiency of the information to state a public offense by a demurrer, by objection to the introduction of evidence, and by a motion in arrest of judgment. The defendant claims that the information is fatally defective, in that it fails to allege

that he accepted or received the $4 "without consideration." The demurrer and the objection to the introduction of evidence were overruled, and the motion in arrest of judgment was denied. Such rulings are assigned as errors.

The crime attempted to be charged in the information is defined by Comp. Laws Utah 1917, § 8097, as follows:

"Any person who shall knowingly accept, receive, levy, or appropriate any money or other valuable thing, without consideration, from the proceeds of the earnings of any woman engaged in prostitution, shall be deemed guilty of a felony, and on conviction thereof shall be punished by imprisonment for a period of not less than two nor more than twenty years. Any such acceptance, receipt, levy, or appropriation of such money or valuable thing shall, upon any proceeding or trial for violation of this section, be presumptive evidence of lack of consideration; any person who shall procure a female person for the purpose of prostitution for another male person by either personal solicitation, messenger, telephone call, or other means, or who shall send or direct any female person to the sleeping apartment or lodging room of any male person, or to any other place for the purpose of prostitution, whether for hire or for a commission of the proceeds of the prostitution, or for any other consideration of value, from either the man for whom such female was procured, sent, or directed, or from the female so procured, sent, or directed, whether collected at the time or not; every messenger, every hotel or rooming house proprietor, clerk, or other employee of such place, and every chauffeur or hack driver, or any other person, who by any means sends, directs, takes, or conveys any female person to any room or other place for the purpose of prostitution with or for another male person, or any person who keeps a list of female persons to call or to be called for the purpose of prostitution, shall be deemed guilty of a felony, and on conviction thereof shall be punished by imprisonment for not less than two nor more than ten years. Any cafe, restaurant, or coffee house proprietor, manager, waiter, or other employee having full or temporary charge of such place, or any proprietor, manager, or other person having charge of any road house or assignation house, or any other person who knowingly permits prostitutes to solicit patronage for prostitution in their place of business, or any place over which such person has control, or aids or abets such prostitutes in so soliciting or securing patronage for prostitution in any place or in any manner whatsoever; and every hotel, rooming house, lodging house, or boarding house keeper, proprietor, or manager, or other person having charge of such place, or any other person who knowingly rents any of the rooms of such

a place, or any other room or rooms of any place for the purpose of prostitution, or knowingly permits any of such rooms or any other room or rooms over which they have control to be used for the purpose of prostitution, shall be deemed guilty of a felony, and on conviction thereof shall be punished by imprisonment for a period of not less than one nor more than five years; provided, that, in the case of the procuring of a female for the purpose of prostitution, such female being under the age of twenty-one years at the time of procurement, and such female being procured, sent, or directed by any of the persons or by any of the methods in this section described, or by any other person or method for the purpose of prostitution, and whether or not such female be of chaste character at the time of such procurement, or, if the procurer be the lawful husband of such female, such person shall on conviction be punished by imprisonment for a period of not less than five nor more than twenty years."

Our Code of Criminal Procedure (Comp. Laws Utah 1917, c. 22), fixes the requisites of informations and indictments. It is there provided:

Sec. 8830. "The information or indictment must contain:

"1. The title of the action, specifying the name of the court to which the same is presented, and the names of the parties;

"2. A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."

Sec. 8832. "The information or indictment must be direct and certain as it regards:

"1. The party charged.

"2. The offense charged.

"3. The particular circumstances of the offense, when they are necessary to constitute a complete offense."

The state contends that sufficient facts are alleged in the information to state a public offense under that provision of section 8097, supra; which provides that "any person who shall knowingly accept, receive, levy, or appropriate any money or other valuable thing, without consideration, from the proceeds of the earnings of any woman engaged in prostitution, shall be deemed guilty of a felony." It is urged that the use of the

words "unlawfully" and "feloniously" characterizes the act charged in the information, and dispenses with the necessity of alleging that the money was accepted and received without consideration. The proper function of the word "feloniously" in an information is to charge the intent with which a felony is alleged to have been committed. The use of the word "unlawfully" does not add anything to the information. "Feloniously" includes "unlawfully." Proper pleading in a criminal action requires that the primary facts constituting the crime charged be alleged. "The particular circumstances of the offense, when they are necessary to constitute a complete offense," must be charged. Obviously, one may knowingly accept and receive money from the earnings of a woman engaged in prostitution without being guilty of any offense. To furnish such a woman with food, clothing, shelter, etc., is not unlawful, even though it be known that the money paid for the same is the proceeds of her earnings as a prostitute. An essential element of the crime which the state in the information here under review seeks to charge is that the money was accepted and received by the accused without consideration. No claim is made to the contrary. To allege that money was feloniously and unlawfully accepted and received cannot be construed to be equivalent to an allegation that it was accepted and received without consideration.

The information filed in this action does not measure up to the requirements of section 8832, Comp. Laws Utah 1917, in that the language used in the information is not direct and certain as to the crime charged. There are various ways that one may unlawfully and feloniously accept and receive money from the proceeds of the earnings of a woman engaged in prostitution other than by accepting and receiving money without consideration. Thus, under the provisions of Comp. Laws Utah 1917, § 8097, it is made a felony to rent a room to be used for purposes of prostitution, to solicit patronage for a prostitute, to direct any female person to the sleeping apartment of a

male person whether for hire or for a commission of the proceeds of the prostitution, etc. A person who knowingly accepts and receives money from the proceeds of the earnings of a woman engaged in prostitution in payment for the performance of any of the acts prohibited by Comp. Laws Utah 1917, § 8097, may properly be said to have accepted and received such money unlawfully and feloniously. It will be observed that various acts are declared to be felonies by the provisions of section 8097, and that different penalties are provided for a violation of the various provisions of that section. There is no allegation of any fact in the information here under review which makes direct and certain any one of the crimes defined in that section. It necessarily follows that the information is fatally defective. This conclusion finds support in the following cases decided by this court: *State* v. *McKenna*, 24 Utah 317, 67 P. 815; *State* v. *Topham*, 41 Utah 39, 123 P. 888; *State* v. *Gesas*, 49 Utah 181, 162 P. 366; *State* v. *Steele*, 67 Utah 1, 245 P. 332; *State* v. *Hale* (Utah) 263 P. 86.

It may be that the complaint filed before the committing magistrate in this action is insufficient to form the basis for an information under the rule announced in the case of *State* v. *Hale*, supra, but that phase of the case was not raised either in this court or in the trial court, and therefore we express no opinion on that phase of the case.

The judgment appealed from is reversed and the cause remanded to the district court of Salt Lake county for such further proceedings, not inconsistent with this opinion, as may be proper.

CHERRY, C. J., and STRAUP, EPHRAIM, HANSON, and FOLLAND, JJ., concur.