## STATE v. PRITCHETT.

No. 5467. Decided July 16, 1934. (34 P. [2d] 704.)

FOR OPINION ON REHEARING, see 87 U. 109, 48 P. (2d) 451.

*N. J. Cotro-Manes* and *E. R. Christensen,* both of Salt Lake City, for appellant.

106

*Joseph Chez*, Atty. Gen., and *Calvin W. Rawlings*, Dist. Atty., and *Harley W. Gustin*, Asst. Dist. Atty., both of Salt Lake City, for the State.

ELIAS HANSEN, Justice.

The defendant was informed against and convicted of the crime of misapplying a credit of a corporation. He appeals, and by assignments of error attacks the sufficiency of the information. The charging part of the information reads as follows:

"That the said defendant William A. Pritchett on or about the 2nd day of October, A. D. 1930, at the County of Salt Lake, State of Utah, was then and there an agent, to-wit the office manager of the Utah Poultry Producers Co-Operative Association, a corporation of the State of Utah; that the said defendant William A. Pritchett did then and there as such agent wilfully, unlawfully, feloniously and fraudulently misapply a credit of said corporation, which it then and there had with the National Copper Bank of Salt Lake City, Utah, a corporation, in the sum of $1,642.36, lawful money of the United States of America, by then and there using and passing a certain bank check or draft for said sum of $1642.36 drawn on and against the aforesaid credit, whereby said defendant William A. Pritchett received and misapplied said credit in the sum of $1642.36, in that he then and there deposited said check or draft for said sum to his own account and credit in the Continental National Bank of Salt Lake City, Utah, a corporation, and said check or draft was in due course honored and paid by the aforesaid National Copper Bank, and the said sum of money was charged against and deducted from the aforesaid account and credit of said Utah Poultry Producers Co-Operative Association, which it then and there had with said National Copper Bank, that said defendant William A. Pritchett was not then and there, nor was any other person or corporation whatsoever, entitled to said check or draft, or the proceeds thereof, or the said credit, in payment of a just demand or otherwise, or at all. And so in the manner aforesaid the said defendant William A. Pritchett did then and there and with the intent to defraud and injure said Utah Poultry Producers Co-Operative Association, misapply its said credit in the said sum of $1642.36; contrary to the provisions of the Statute of the State of Utah, in such case made and provided, and against the peace and dignity of the State of Utah."

To the information so filed against him, defendant demurred upon the following grounds:

"1. That said information does not state facts sufficient to constitute a public offense; (2) that said information does not substantially conform to the requirements of sections 8830, and 8832, inclusive, Compiled Laws of Utah 1917; (3) that said information is ambiguous in this: That it cannot be ascertained from the reading thereof whether the defendant is sought to be charged with the crime of embezzlement or the crime of having maliciously appropriated credits; (4) that said information charges two offenses, first of misapplying a credit, and the other of embezzlement."

It is reasonably clear, and in their briefs the state and defendant are agreed that the information was drawn and the prosecution had under the provisions of Comp. Laws Utah 1917, § 8370, now R. S. Utah 1933, 103-12-5. The provisions of this section prescribe that various acts of fraud and misconduct of an officer or agent of a corporation shall constitute a felony. It is apparent that the information filed against the accused is bottomed on that part of the statute wherein it is provided that:

"Every director, officer, agent or member of any corporation or association who embezzles, abstracts or willfully misapplies any of the money, funds or credits of the corporation or association; or who, without authority from the directors, issues or puts in circulation any of the notes of the corporation or association; or who, without such authority, issues or puts forth any certificate of deposit, draws any order or bill of exchange, makes any acceptance, assigns any note, bond, draft, bill of exchange * * * is guilty of a felony. * * *"

It is familar doctrine in this jurisdiction that an information to withstand an attack by a general demurrer or motion in arrest of judgment must apprise the accused of the crime charged with such reasonable certainty that he can make his defense and after verdict and judgment thereon protect himself against further prosecution for the same offense. It is also well settled by numerous decisions of this court that where a statute uses general or generic terms in defining a crime it is not sufficient that the information merely charged the crime in the same general or generic terms as those used in the statutory definition. The particular acts which the accused is charged with having committed must

be alleged in the information. Among the cases so holding are *State* v. *Topham*, 41 Utah 39, 123 P. 888; *State* v. *Gesas*, 49 Utah 181, 162 P. 366, and *State* v. *Lund*, 75 Utah 559, 286 P. 960.

It will be observed that the statute under which this prosecution is had uses general or generic terms in defining the crime of misapplying credits of a corporation. That crime may be committed in several different ways and by the use of various means. The accused is charged with using and passing a bank check or draft in the sum of $1,642.36. The only language contained in the information which is descriptive of the check or draft is the amount thereof. It is alleged that the instrument was "drawn on or against" a credit at the National Copper Bank from which it may be inferred that the National Copper Bank was the drawee of the check or draft. The information is silent as to the date of the check or draft, as to its maker or payee. Apparently no one owned the check or draft which was used and passed by the accused. It is impossible to reconcile the allegations of the information as to who, if any one, owned the credit at the National Copper Bank on or against which the check or draft was drawn. In one part of the information it is alleged that the Utah Poultry Producers' Co-operative Association had a credit with the National Copper Bank in the sum of $1,642.36. Later on in the information it is alleged:

"That said defendant William A. Pritchett was not then and there, nor was any other person or corporation whatsoever, entitled to said check or draft, or the proceeds thereof, or the said credit, in payment of a just demand or otherwise, or at all."

If as is alleged neither the defendant nor any one else was entitled to the check or draft or the proceeds thereof, or to the credit on or against which the check or draft was drawn, it is difficult to perceive how the accused could be guilty of defrauding his employer. The information filed against the defendant is fatally defective in that (1) it fails to sufficiently describe the instrument which it is claimed the ac-

cused used and passed, and (2) the conflicting allegations as to the ownership of the credit against which the check or draft was drawn destroy each other, and therefore the complaint fails to state a public offense. The demurrer to the information should have been sustained.

The judgment is reversed. This cause is remanded to the district court of Salt Lake county, with directions to sustain the demurrer upon the first and second grounds thereof, and for such further proceedings as may be proper.

STRAUP, C. J., and FOLLAND and EPHRAIM HANSON, JJ., concur.

MOFFAT, J., being disqualified, did not participate herein.